IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HUBERT JOHNSON** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:05CV423HSO-JMR |
| | § | |
| **MISSISSIPPI EXPORT RAILROAD CO.** | § | **DEFENDANT** |

**ORDER AND REASONS GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

THIS MATTER COMES BEFORE THE COURT on a Motion for Summary Judgment filed by Defendant Mississippi Export Railroad Company [40-1] on April 1, 2008. Plaintiff, Hubert Johnson ["Plaintiff"], filed a Memorandum in Opposition [45-1] on May 14, 2008, and Mississippi Export Railroad Company filed a Rebuttal [46-1] on May 20, 2008. In addition, on May 5, 2008, Plaintiff filed a Motion for Extension of Time to file a Response [42-1], to which Mississippi Export Railroad Company filed a Response in Opposition [43-1]. After due consideration of the record, the submissions on file, and the relevant legal authorities, the Court finds that Plaintiff's Response should be considered, therefore, Plaintiff's Motion for Extension of Time will be granted and Defendant's objection thereto overruled. The Court further finds that Defendant's Motion for Summary Judgment must be granted.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a Caucasian male who was born in July 1953 and is currently employed as a section foreman by Mississippi Export Railroad Company ["MERC"].

-1-

Plaintiff began his employment with MERC in August 1978 as a track section laborer in the Maintenance of Way Department. Maintenance of Way employees are represented by the Union of Brotherhood of Maintenance of Way Employees ["BMWE"]. Aff. of Mark Miller, att. as Ex. "D" to Def.'s Mot. for Summ. J. On or about May 15, 2003, Plaintiff was denied a promotion to the position of Track Inspector. *See* ¶ 8 Compl. Plaintiff claims that he was "second on the seniority list for trackmen" and was "in all ways qualified for the position". ¶¶ 9, 10 Compl.

On June 3, 2003, Plaintiff submitted a grievance letter which addressed the promotion of Cleo Johnson to Track Inspector. *See* Doc. 45-4 att. as Ex. "C" to Def.'s Mot. for Summ. J. According to Plaintiff, during the course of a conversation he had with Superintendent Willie Evans, Evans told him that MERC "needed to have a young man for the position" and that Plaintiff "was not qualified for the position." ¶ 11 Compl.; *see also* Aff. of Hubert Johnson att. as Doc. 45-11 to Pl's Resp. to Mot. for Summ. J.

On August 6, 2003, Lawrence Triche, Vice-Chairman of the Illinois Central Gulf Federation, submitted a letter to MERC's Superintendent of Engineering on behalf of Plaintiff and two other MERC employees, which partially addressed the roster protest regarding Plaintiff's seniority claim relative to the Track Inspector position. Doc. 45-5 att. to Def.'s Mem. in Support of Mot. for Summ. J. Mark Miller, Manager of Maintenance Operations for MERC, responded to Triche's letter by stating that Plaintiff:

> did not bid on the new Track Inspector/Relief Section Foreman ...

> Consequently, he is not listed on the roster for that position which is a separate and distinct classification from that of Section Foreman. ... The Carrier maintains that Hubert Johnson has never been paid for the position of Track Inspector because he has never qualified for this position.

Doc. 45-6 att. to Def.'s Mem. in Support of Mot. for Summ. J.

On August 12, 2003, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ["EEOC"]. The EEOC issued a determination finding that there was reason to believe that MERC had engaged in age discrimination. Doc. 41-6 at pp. 41-43, att. to Def.'s Mem. in Support of Mot. for Summ. J. According to MERC, the EEOC issued Plaintiff a right to sue letter on June 16, 2005.

Plaintiff's Complaint, filed in this Court on September 14, 2005, seeks damages for employment discrimination on the basis of age under the Age Discrimination in Employment Act of 1967 [ADEA], 29 U.S.C. § 621, *et seq*. Plaintiff alleges that MERC denied him a promotion to the position of Track Inspector and awarded the position to a younger "employee who was less senior [sic] and less qualified." ¶ 14 Compl. Specifically, Plaintiff charges that his age was the motivating factor in MERC's decision to promote a younger, less qualified applicant for the Track Inspector position. *See id.,* ¶ 19. Plaintiff asserts that MERC engaged in discrimination with malice and reckless indifference to his protected rights under the ADEA. *See id.,* ¶ 20. In addition to injunctive and declaratory relief, Plaintiff seeks compensatory and punitive damages. *See id.,* at p. 4.

MERC now moves the Court to grant summary judgment on all claims

asserted in the Complaint. Plaintiff's Response opposes such dismissal, asserting that genuine issues of material fact exist.

## II. DISCUSSION

A. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting*

*Topalian v. Ehrman,* 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *See Booth*, 75 F. Supp. 2d at 543.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  *See Booth,* 75 F. Supp. 2d at 543.

B.  <u>ADEA - Age Discrimination Claim</u>

Plaintiff alleges that MERC took "personnel actions in violation of ... the Age Discrimination and Employment Act, which requires that their actions be free from any discrimination based upon age."¶ 16 Compl.

*1.  Collective Bargaining Agreement*

MERC maintains that adjudication of Plaintiff's ADEA claim by this Court is precluded by the Railway Labor Act ["RLA"], 45 U.S.C. § 151 *et seq.*, which establishes that the RLA Board of Adjustment has exclusive jurisdiction for interpretation of the provisions of a collective bargaining agreement ["CBA"].  Def.'s Mot. for Summ. J. at p. 2.  Plaintiff contends that exclusive jurisdiction does not lie with the RLA, and that this Court is not being called upon to interpret the terms of

the collective bargaining agreement. Rather, the Court need only apply the agreement itself. Pl.'s Resp. to Def.'s Mot. for Summ. J. at p. 2.

In *Carmona v. Southwest Airlines Co.,* 536 F.3d 344 (5th Cir. 2008), the Fifth Circuit considered the threshold issue of subject matter jurisdiction and determined that only where a claim "can be resolved through an interpretation of the CBA, *i.e.,* if the rights at issue do not exist independent of the CBA, does a suit qualify as a minor dispute under the RLA, and is therefore precluded from judicial review." *Id.* at 348.

Based on the particular facts and circumstances of this case, the Court finds that subject matter jurisdiction exists inasmuch as Plaintiff's ADEA claim is a separate and independent cause of action from a claim that the CBA was breached. Plaintiff's failure to promote claim is based on allegations relating to his age, and not on an interpretation of the terms of the CBA. *See Brown v. Ill. Cent. R.R. Co.,* 254 F.3d 654, 668 (7th Cir. 2001)("claim brought under an independent federal statute is precluded by the RLA only if it can be dispositively resolved through an interpretation of a CBA. This occurs only when a provision of the collective bargaining agreement is the subject of the dispute or the dispute is substantially dependent upon an analysis of the terms of a collective bargaining agreement . Therefore, an employer cannot ensure the preclusion of a plaintiff's claim merely by asserting certain CBA-based defenses to what is essentially a non-CBA-based claim, or by arguing that the action challenged by the plaintiff is arguably justified by the

terms of a CBA. Nor will a claim be precluded merely because certain provisions of the CBA must be examined and weighed as a relevant but non-dispositive factor in deciding a claim or a defense.")(internal quotations and citations omitted).

2.   *ADEA Claim - Plaintiff's Prima Facie Case*

Alternatively, MERC moves for judgment as a matter of law on Plaintiff's ADEA claim on the following two grounds: 1) MERC had a legitimate, nondiscriminatory reason for its selection decision that Plaintiff cannot demonstrate was pretextual; and 2) the selection decision was governed by a collective bargaining agreement that gave MERC no discretion in determining the successful bidder.  Finally, MERC submits that Plaintiff's union representative agrees that the proper candidate was selected in accordance with the collective bargaining agreement.  Def.'s Mot. for Summ. J. at p. 1.

Plaintiff's primary basis for his ADEA claim stems from a conversation he claims occurred with Superintendent of Engineering, Willie Evans, who is now deceased.  In addition, his Response to MERC's Motion for Summary Judgment maintains that the following genuine issues of material fact exist:

> the evidence shows that on three separate occasions MERC bulletined a position for Track Inspector/Section Foreman.  On each of these occasions the position required the individual to relieve the Section Foreman. . . . Further, MERC was fully aware of the fact that the bulletin of the Track Inspector position with the Relief Section Foreman tied to it would preclude the plaintiff from bidding on the position and further, that the person so bidding would acquire seniority in the Track Inspector position.

Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. at pp. 8-9.

> The ADEA provides in pertinent part that:
>
> [i]t shall be unlawful for an employer to (1) fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age; (2) limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. § 623(a)(1) and (2).

ADEA claims are analyzed under the same analytical framework as Title VII discrimination claims and section 1981 claims.  *See Roberson v. Alltel Information Services*, 373 F.3d 647, 651 (5th Cir. 2004).  A claim asserting discrimination on the basis of age can be proved through either direct or circumstantial evidence.  *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).  Where the record is devoid of direct evidence of discrimination, the plaintiff must rely on circumstantial evidence to carry his or her burden.  *See id.*  In establishing causation through circumstantial evidence, the tripartite burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies.  *See Portis v. First Nat'l Bank,* 34 F.3d 325, 328 (5th Cir.1994) ("Because direct evidence is rare, a plaintiff ordinarily uses circumstantial evidence to meet the test set out in *McDonnell Douglas,* [which] establishes a prima facie case by inference.").

Under the *McDonnell Douglas* framework, the plaintiff carries the initial

-8-

burden of establishing a prima facie case of discrimination. *See McDonnell Douglas Corp.,* 411 U.S. at 802. In so doing, a plaintiff must demonstrate that he or she (1) suffered an adverse employment action; (2) was qualified for the position; (3) was within the protected class at the time of the decision; and (4) that the person selected was not within the protected class, or, that others similarly situated but not within the protected class were more favorably treated, or, that the plaintiff was otherwise discharged because of age. *See Rios v. Rossotti,* 252 F.3d 375, 378 (5th Cir. 2001); *Eaves v. K-Mart Corp.,* 193 F. Supp. 2d 887, 893 (S.D. Miss. 2001).

If the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant to rebut the presumption of discrimination by articulating–not proving–a legitimate, nondiscriminatory reason for the adverse employment action. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000). An employer meets its burden of production by proffering admissible evidence of an explanation that would be legally sufficient to justify a judgment for the employer. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993); *Guthrie v. Tifco Indus.,* 941 F.2d 374, 376 (5th Cir. 1991).

Once an employer articulates a legitimate, nondiscriminatory reason for its action, the burden shifts to the plaintiff to produce sufficient admissible evidence demonstrating "(1) (the) employer's reason is pretext, or (2) (the) employer's reason, while true, is only one reason for its conduct, and another motivating factor is [the]

-9-

employee's protected characteristic." *Burrell v. Dr. Pepper/ Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007); *Purcell v. Sequin State Bank and Trust Co.,* 999 F.2d 950, 957 (5th Cir. 1993). In situations where an employer's reasons are "unpersuasive, or even obviously contrived," the plaintiff must nevertheless prove that the proffered reasons were but a pretext for discrimination. *See St. Mary's Honor Center,* 509 U.S. at 523. In determining whether the case is one of intentional discrimination, "a court should consider 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case." *Crawford v. Formosa Plastics Corp., Louisiana*, 234 F.3d 899, 902 (5th Cir. 2000)*(quoting Reeves*, 53 U.S. at 148-49). Although intermediate evidentiary burdens shift back and forth under the framework, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves*, 530 U.S. at 143.

The evidence here is uncontroverted that: 1) Plaintiff did not obtain the May 2003 promotion; 2) he had been employed with MERC for a substantial length of time and possessed the qualifications necessary to serve in the position of Track Inspector; 3) he was over the age of forty at the time the alleged discrimination occurred and is therefore a member of a protected group for purposes of the ADEA; and 4) Mark Evans, a younger individual, was awarded the position instead of Plaintiff. For purposes of *McDonnell Douglas*, the May 2003 promotion of Mark

Evans over Plaintiff qualifies as an adverse employment action. The Fifth Circuit details that such adverse actions include, but are not limited to, "hiring, granting leave, discharging, *promoting*, and compensating." *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 282 (5th Cir. 2004) (*emphasis added*). In ADEA cases, the fourth element is likewise satisfied where others similarly situated but not within the protected class are treated more favorably. *See Eaves,* 193 F. Supp. 2d at 893

Plaintiff relies heavily on the statement of Willie Evans, who was the father of Mark Evans, the MERC employee who was awarded the promotion. However, it is important to note that the evidence establishes that Willie Evans was not the ultimate decision maker in this case. Mark Miller was the MERC employee who made the final promotion decision, and he was in no way related to Mark Evans. Moreover, the CBA controlled the process of selection through seniority.

*3. Defendant's Legitimate, Nondiscriminatory Response*

Assuming that Plaintiff is able to establish his prima facie case of age discrimination, the burden shifts to MERC to articulate a legitimate, nondiscriminatory reason for promoting Mark Evans over Plaintiff for the position of Track Inspector.

MERC has submitted admissible evidence to support its position that it properly based its promotion decision on the terms of the collective bargaining agreement with the Union. The Union concurs with this assessment. Moreover, there is no evidence of pretext since "compliance with a collective bargaining

agreement constitutes a legitimate, non-discriminatory reason for an employment action." *Brandon v. Lockheed Martin Aeronautical Systems*, 393 F. Supp. 2d 1341, 1358 (N.D. Ga. 2005); *see also Haley v. General Elec. Co.,* 3 Fed. App'x 240, 247 (6th Cir. 2001); *Boersig v. Union Elec. Co.,* 219 F.3d 816,822 (8th Cir. 2000).

Because MERC has offered legitimate, nondiscrimatory reasons for its treatment of Plaintiff, the Court finds that MERC has successfully rebutted any initial inference of discrimination. In order to survive summary judgment, Plaintiff must show that the proffered grounds were a pretext for discrimination.

*4. Burden of Showing Pretext*

Plaintiff provides insufficient admissible evidence demonstrating that MERC's reliance on the CBA to promote Mark Evans was a mere pretext for age discrimination, or that MERC'S reasoning–while true–was only one reason for its conduct, and another motivating factor was Plaintiff's age. To succeed at the pretext stage of the *McDonnell Douglas* analysis, Plaintiff must do more than merely discredit MERC's reasoning; he must *prove* that the articulated reason is a pretext. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515-516 (1993); *see also Ryther v. KARE 11*, 108 F.3d 832, 837 (8th Cir. 1997). Mere subjective assertions, without more, are not enough to obtain relief under the discrimination laws. *See Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 434-435 (5th Cir. 1995).

Based upon a thorough review of the record, the Court concludes that Plaintiff has not produced "evidence from which the jury [could] reasonably reject

the employer's explanation and from which the jury [could] find that the employer's reason was mere pretext for discrimination." *Ellison v. Darden Restaurants, Inc.*, 52 F. Supp. 2d 747, 752 (S.D. Miss. 1999). The discrimination laws are "not intended to be a vehicle for judicial second-guessing of business decisions, nor...to transform the courts into personnel managers." *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1507-08 (5th Cir. 1988). For the reasons set forth herein, the Court finds that based on the undisputed facts, and viewing the evidence in the light most favorable to Plaintiff, summary judgment is appropriate.

### III. CONCLUSION

In summary, viewing the evidence in the light most favorable to Plaintiff, he is unable to satisfy his burden of establishing a prima facie case of age discrimination. Nor can Plaintiff meet his burden of demonstrating that MERC's proffered reasons for his termination were a pretext for age discrimination. For the reasons stated more fully herein, there is insufficient evidence to establish genuine issues of material fact, and no reasonable jury could conclude that MERC acted with discriminatory intent based on the *McDonnell Douglas* analysis.

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that, the Motion for Extension of Time to File Response filed by Plaintiff on May 5, 2008 [42-1], should be and is hereby **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED,** that, for the reasons more fully stated herein, the Motion of Defendant, MERC, for Summary Judgment,

filed April 1, 2008 [40-1], should be and is hereby **GRANTED,** and this civil action is hereby dismissed, with prejudice.

**SO ORDERED AND ADJUDGED**, this the 23rd day of September, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE